RODRÍGUEZ, PETITIONER, *v.* CROSAS, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Mandamus to the Judge of the District Court of Aguadilla in a Prosecution for Homicide.

No. 174.—Decided August 1, 1919.

SPEEDY TRIAL—CONSTITUTIONAL RIGHT.—The right of a defendant to a speedy trial is a constitutional right and may be violated without special reference to the local statute requiring a trial within 120 days where no good cause for the delay is shown.

ID.—LEGISLATIVE PRIVILEGE.—The right of a defendant to a speedy trial may be superior to the privilege of a legislator not to attend court as a witness, and if the district attorney can not arrange a date for the presence of the legislator, the trial should be proceeded with without him, particularly when the defendant offers to admit the report of this witness, who was the physician called in the case.

ID.—CONVENIENCE OF COURT—EPIDEMIC.—The convenience of court terms does not rise superior to a defendant's right where his case has been indefinitely suspended without his consent, and the prevalence of an epidemic on the day set for the trial does not prevent the setting of the case again for a short time thereafter.

The facts are stated in the opinion.

*Mr. Buenaventura Esteves* for the petitioner.

The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

The result of the pleadings and proof in this petition for a mandamus is that an information was presented against Bonifacio Rodríguez for manslaughter on the 24th day of September, 1918; that the arraignment took place on October 7, 1918, wherein the defendant pleaded not guilty; that the court set October 24th for the trial, but that in consequence of the earthquake of October 11, 1918, the court building was destroyed and no other quarters were found on the date set; that the district court was installed in its present quarters in November, 1918; that for reasons of the disorganization of records the court sessions were not resumed until December 11, 1918; that the case was set for January 10, 1919, when it was postponed for just cause, namely, the prevalence of influenza, but without the consent of the defendant, as appears from the certificate of the secretary; that the case was set for March 20, 1919, at which time the district attorney, without notice to the defendant, asked for a further postponement on account of the fact that one of the government's witnesses, a doctor, was a member of the legislature then in session; that the case was set again for June 18, 1919, and then the district attorney made the same motion that had been made on March 20, 1919, and for the same reason; that thereupon the defendant opposed the motion because the case had been pending nearly a year, and was disposed to admit the report of the doctor as expert in the case; that the district attorney offered to consent provided defendant would also admit that he had shot at the dead woman; that on refusal of the defendant the court, at the instance of the district attorney, again continued the case.

The right of a defendant to a speedy trial is a constitutional provision and we think it has been violated in this case without any special reference to section 448 of the Code of Criminal Procedure requiring a trial within 120 days

where no just cause for delay is shown. Without discussing any other phases of the law exempting members of the legislature from attendance as witnesses, we may question whether the right of a defendant would not rise superior to the legislative privilege and that if the district attorney cannot arrange a date for the presence of the legislator, then the government should, nevertheless, proceed with the trial. However, when in June this same reason was presented a second time and the defendant offered to admit the report of the expert, all excuse for continuance vanished. Every delay in the case had been made without the consent of the defendant. The case had been pending since September. Merely because on the day set an epidemic prevails does not prevent setting the case again a short time thereafter. The convenience of court terms does not rise superior to defendant's right where his case has been indefinitely suspended without his consent. The court could set a special day if necessary. Frequently defendants do not insist on prompt trials, but they have the right to do so. But even taking the literal words of section 448, we think more than 120 days have elapsed without a showing of just cause. After January and until June there was no real reason for not giving the defendant a trial, even if as part of the 120 days a portion of the previous time could not be included. Nine months elapsed. Without much insistence on any special phase of the case the defendant has not had the speedy trial that the law demands. He moved for a dismissal in the court below which should have granted.

A peremptory writ of mandamus must issue ordering the dismissal of the information.

*Writ granted.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.